351 So.2d 1094 (1977)
Louise TAYLOR, Jack C. Betz and Roger Richmond, As Trustees and As Individuals, Appellants,
v.
RICHMOND'S NEW APPROACH ASSOCIATION, INC., a Florida Corporation, Appellee.
No. 77-76.
District Court of Appeal of Florida, Second District.
November 4, 1977.
Rehearing Denied December 8, 1977.
Wayne C. Hall, of Strode, Hereford & Taylor, Sarasota, for appellants.
J. Wayne Falbey, of Grace, Falbey & Couse, P.A., Fort Myers, for appellee.
GRIMES, Acting Chief Judge.
The question involved in this appeal is whether the provisions of Section 737.306, Florida Statutes (1975), are applicable to trustees holding property under an Illinois land trust.
Builders of the South, Inc. owned certain real property upon which it built a condominium. The property was then conveyed to Louise Taylor, Jack C. Betz, and Roger Richmond, as trustees. The deed recited that the conveyance was made in conformance with the provisions of Section 689.071, Florida Statutes (1971), and that the interests of the beneficiaries shall be deemed personal property. The deed said nothing about limitations on the liability of the trustees. Betz and Richmond were respectively president and secretary of Builders of the South, Inc.
*1095 The trustees caused a second condominium to be built on the property. Ultimately, control of the condominium association passed from the developers into the hands of the unit owners, and the trust became liable to the association for certain obligations, some of which arose out of contract and some of which occurred by virtue of assessments against unsold condominium units. The assets of the trust were finally lost through a mortgage foreclosure. The association later obtained a judgment against the trustees in their individual capacity. The trustees have appealed this judgment.
The so-called Illinois land trust contemplates that title to real property be taken in the name of a trustee under a recorded deed of trust while a second unrecorded agreement between the trustee and the beneficiaries declares the trustee to be vested with full legal and equitable title subject to certain specified rights of the beneficiaries which are declared to be personal property of the beneficiaries. See Florida Real Property Practice II, § 11.32 (Fla. Bar Continuing Legal Educ. Practice Manual, 1975). Prior to 1963 it was believed that an Illinois land trust might fail in Florida because of the statute of uses. See McGriff v. McGill, 62 So.2d 28 (Fla. 1952); Elvins v. Seestedt, 141 Fla. 266, 193 So. 54 (1940).
In 1963 our legislature insured the validity of the Illinois land trust by the enactment of Chapter 63-468, Laws of Florida, which has now become Section 689.071, Florida Statutes (1975). The preamble to Chapter 63-468 recites that the Illinois land trust was a method by which developers had successfully attracted the investment of new capital and it was deemed desirable to encourage the growth of Florida land development by sanctioning the use of this method of doing business. The statute permits the trustee to convey freely without the joinder of spouses or beneficiaries and allows third persons to deal with the trustee without having to inquire into his authority. Grammer v. Roman, 174 So.2d 443 (Fla.2d DCA 1965).
Traditionally, trustees of all kinds have been held to be personally liable to third persons on obligations incurred on behalf of their trust unless there is a specific agreement against personal liability. III A. Scott, The Law of Trusts, § 262 (3rd ed. 1967). Of course, the trustees are entitled to reimbursement from the trust if the obligation was properly incurred in the administration of the trust. Scott, supra. However, the common law rule with respect to personal liability of trustees was changed in Florida in 1975 by the passage of Section 737.306, Florida Statutes (1975), which reads as follows:
"737.306 Personal liability of trustee to third parties. 
(1) Unless otherwise provided in the contract, a trustee is not personally liable on contracts, except contracts for attorneys' fees, properly entered into in his fiduciary capacity in the course of administration of the trust estate unless he fails to reveal his representative capacity and identify the trust estate in the contract.
(2) A trustee is personally liable for obligations arising from ownership or control of property of the trust estate or for torts committed in the course of administration of the trust estate only if he is personally at fault.
(3) Claims based on contracts, except contracts for attorneys' fees, entered into by a trustee in his fiduciary capacity, on obligations arising from ownership or control of the trust estate, or on torts committed in the course of trust administration may be asserted against the trust estate by proceeding against the trustee in his fiduciary capacity, whether or not the trustee is personally liable."
The trustees in this case contend that they are protected from personal liability under this statute. We cannot agree.
Section 737.306, Florida Statutes (1975), was enacted as part of the new Probate Code. This section was taken from Section 7-306 of the Uniform Probate Code, though slightly amended in particulars which are not relevant to our discussion. The comment which accompanies Section 7-306 in the Uniform Probate Code states:

*1096 "The purpose of this section is to make the liability of the trust and trustee the same as that of the decedent's estate and personal representative." 8 U.L.A. Estate, Probate and Related Laws at 587 (1972).
Thus, in the passage of Section 737.306, we believe the legislature intended to protect those acting as trustees under the classical testamentary or inter vivos trust in which the extent of the trust property, the authority of the trustee, and the identity of the beneficiaries are more likely to be known. In the absence of a more specific pronouncement, we do not believe the legislature intended to extend this protection to Florida land developers operating under an Illinois land trust. To hold otherwise would give the developers limited liability substantially equivalent to that of a corporation without the necessity of formal incorporation.
In addition to the distinctive purpose for which an Illinois land trust is normally established, there are some conceptual differences between this kind of trust and the typical testamentary or inter vivos trust. In the case of an ordinary trust, if the trust property is real property the interest of the beneficiaries is usually considered to be real property. Restatement (Second) of Trusts § 130 (1959). Under Section 689.071, the interest of the beneficiaries in an Illinois land trust is considered personal property if so specified. Moreover, this statute prescribes that the trustee is vested with full rights of ownership over the real property. If the trustee of an Illinois land trust can deal with the trust property as if it were his own, we believe it logical that he be subject to personal liability for obligations which he has incurred to third persons in his administration of the trust.
There was no indication that the trustees contractually sought to limit their liability in any of their dealings which resulted in the obligations imposed upon them in this case. With respect to the assessments, Section 711.15(1), Florida Statutes (1975), specifies that a unit owner, regardless of how title is acquired, shall be liable for all assessments coming due while he is owner of the unit. Therefore, since the trustees were not afforded protection under Section 737.306, Florida Statutes (1975), the court properly held them to be personally liable.
AFFIRMED.
OTT and RYDER, JJ., concur.