TOWN OF HULL vs. KENNETH G. TONG & another,[1] trustees.

Plymouth. November 3, 1982. — November 26, 1982.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Limitations, Statute of. Trust,* Business trust. *Statute,* Construction.

The two-year limitation period provided by G. L. c. 260, § 11, for the
commencement of actions against certain fiduciaries is not applicable
to actions brought against trustees of business trusts. [711-713]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 1, 1981.

A motion to dismiss as to the defendant George Naddaff,
trustee, was heard by *Chmielinski,* J.

A motion to dismiss as to the defendant Kenneth G.
Tong, trustee, was heard by *Byron,* J.

*John Neylon (George Rosenberg* with him) for the plain-
tiff.

*Osler L. Peterson* for George Naddaff.

DREBEN, J.  This action was brought by the town of Hull
to recover for electrical service supplied between March 30,
1973, and August 7, 1975, to certain premises in Hull at the
request of the defendant, Kenneth G. Tong.  At the time
the service was provided the property was owned by the
trustees of Atlantic Aquarium Realty Trust.  The defend-
ants in this action are two of those trustees.

The defendants' motions to dismiss were allowed under
Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), on the
ground that the complaint was not filed within the time
period provided by G. L. c. 260, § 11,[2] as set forth in the

---

[1] George Naddaff.

[2] The motion to dismiss as to George Naddaff was allowed on this
ground.  The motion as to Kenneth G. Tong was allowed by a different

margin.[3]  We reverse, as we hold the statute is not applicable to actions brought against trustees of business trusts.

As set forth in an affidavit of one of the defendants, the
purpose of Atlantic Aquarium Realty Trust was to hold
legal title to certain real estate upon which a "business venture" was to be constructed.  "Business organizations
formed by declarations of trust" are "a common . . . method . . . of conducting a commercial enterprise." *State St.
Trust Co.* v. *Hall,* 311 Mass. 299, 303, 304 (1942).  See *Morrissey* v. *Commissioner,* 296 U.S. 344, 357 (1935).  Because
they are often treated by the Legislature "as a distinct type
of business organization," *State St. Trust Co.* v. *Hall, supra*
at 304, and not as a conventional trust, many of the rules
governing traditional trusts do not apply to these associations.  Restatement (Second) of Trusts § 1 comment b
(1959).  We think that the two-year limitation period of
G. L. c. 260, § 11, is such a rule.

Our conclusion is based, in part, on the remedies available to creditors of these trusts and the time period for their
enforcement.  Most significant is G. L. c. 182, § 6, which
accords creditors of business trusts, as contrasted with
creditors of traditional trusts, rights similar to those available to creditors of other business associations.  This provision permits a direct action to be brought against a business
"trust" as defined in G. L. c. 182, § 1, and subjects its property "to attachment and execution in like manner as if it
were a corporation."  It also provides that "service of process upon one of the trustees shall be sufficient."  No such

---

judge as follows: "In order to have a consistency of decisions in this case
and without intimating on the propriety of the allowance of the previous
motions, this motion is allowed."

[3] That statute provides:

"An action founded on any contract made or act done, if made or done
by any person acting as executor, administrator or other legal representative of the estate of a deceased person, shall be brought within one year,
or, if made or done by any person acting as trustee, guardian or conservator, shall be brought within two years, after the right of action
accrues . . . ."

direct right exists against assets held by any of the other fiduciaries listed in G. L. c. 260, § 11, or against the assets held by conventional trustees. See generally, 3 Newhall, Settlement of Estates and Fiduciary Law in Massachusetts § 427 (1958). See now G. L. c. 203, § 14A, effective January 1, 1978. Contract actions under G. L. c. 182, § 6, may be brought within the normal six-year limitation period provided in G. L. c. 260, § 2. See *Ballentine* v. *Eaton,* 297 Mass. 389, 393-394 (1937).

The statutory remedy does not relieve a trustee of personal liability, *Dolben* v. *Gleason,* 292 Mass. 511, 515 (1935), and the creditor of a business trust has a right of action against the trustee unless it is agreed that the creditor shall look only to the trust property. *Larson* v. *Sylvester,* 282 Mass. 352, 359 (1933).[4] This is the remedy which the defendants urge is governed by G. L. c. 260, § 11.

In addition, a third remedy may be available to a creditor. A trustee "has a right to reimbursement" from the trust assets for obligations properly incurred for the benefit of the trust, *Downey Co.* v. *282 Beacon St. Trust,* 292 Mass. 175, 178 (1935), and this right may be reached by his creditors (unless impliedly taken away by G. L. c. 182, § 6). If a creditor of a business trust attempts to proceed against the trust assets to reach and apply the lien of a trustee for reimbursement, that remedy, like the remedy under G. L. c. 182, § 6, must be exercised within the six-year period. *Ballentine* v. *Eaton,* 297 Mass. at 394.

The equitable remedies and those under G. L. c. 182, § 6, are thus governed by the same six-year period of limitations. *Id.* Unless expressly required by statutory or other mandate, we think it would be anomalous to apply a two-year rule for actions against a trustee when all other actions to enforce the identical obligation, including the derivative right to assert the trustee's claim for reimbursement, may be brought within six years. See also *Geldert* v. *Usher,* 248 Mass. 323, 325-326 (1924).

---

[4] We do not consider the effect, if any, of G. L. c. 203, § 14A, which was enacted subsequent to the period for which liability is here claimed.

"Traditional methods of statutory construction reinforce our conclusion." *Haas* v. *Breton,* 377 Mass. 591, 595 (1979). In G. L. c. 260, § 11, the word "trustee" follows the words "executor, administrator or other legal representative of the estate" and is, in turn, followed by the words "guardian or conservator." The fiduciaries named, including testamentary trustees, are the persons who are specifically required by G. L. c. 206, § 1, to file periodic accounts to be allowed by a Probate Court judge. See G. L. c. 206, §§ 23A & 24.[5] A short period of limitations for actions against such fiduciaries is desirable in order that accounts for a given period be settled without undue delay and properly reflect the income received and the expenses incurred during that period. A trustee of a business trust has no such statutory obligation and the rationale for a short statute of limitations does not apply to actions against such trustees.

When viewed in its setting among the other fiduciaries listed in G. L. c. 260, § 11, we think that the term "trustee" was not intended by the Legislature to include persons conducting a business in trust form. "A general term in a statute or ordinance takes meaning from the setting in which it is employed. The literal meaning of a general term in an enactment must be limited so as not to include matters that, although within the letter of the enactment, do not fairly come within its spirit and intent." *Haas* v. *Breton,* 377 Mass. at 595, quoting from *Kenney* v. *Building Commnr. of Melrose,* 315 Mass. 291, 295 (1943).

Prior to the dismissal of the action, the plaintiff moved for summary judgment. The record appendix, however, does not indicate as matter of law that it is entitled to recover. Accordingly, the judgments for the defendants are reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[5] We need not consider whether G. L. c. 260, § 11, has any application to a trustee under a trust instrument (other than one creating a business trust) who is not appointed by or required to account to a Probate Court, for no such trustee is here involved.