APAHOUSER LOCK AND SECURITY CORPORATION *vs.*
G. ROBERT CARVELLI & another.[1]

No. 87-587.

Middlesex. May 13, 1988. — September 16, 1988.

Present: PERRETTA, DREBEN, & KASS, JJ.

*Trust,* Personal liability of trustee, Contracts of trustee, Real estate trust.
*Contract,* With trustee. *Statute,* Construction. *Practice, Civil,* Summary
judgment.

A judge properly granted summary judgment against the trustees of a real
estate trust as to the issue of their personal liability under G. L. c. 203,
§ 14A, for work done on the trust property, where the materials before
him, which demonstrated no genuine issue of material fact as to the
relation of the defendants to the business enterprise, provided an adequate
basis for him to conclude that the defendants as individuals owned and
controlled the property of the trust estate. [386-389]
A contractor was entitled to be compensated at the contract rate, including
interest on past due amounts, for work done on premises which had
been destroyed by fire. [389]

CIVIL ACTION commenced in the Superior Court Department
on September 22, 1980.

A motion for summary judgment as to liability was heard
by *Robert J. Hallisey,* J., and the case was heard by *George
W. Cashman,* J., sitting under statutory authority.

*Irving Marmer* for the defendants.
*Lawrence L. Blacker* for the plaintiff.

KASS, J. A purchase order directed to the plaintiff for the
furnishing and installation of electric wiring, an intercom, mail-
boxes, and a fire alarm system was signed by the customer as
follows: Bel-High Realty Trust/ By: G. Robert Carvelli Trustee/
Title: Trustee. The question put is whether, thus subscribed,

[1] Michael P. Ellis.

the purchase order imposed personal liability on Carvelli. There is a subsidiary issue involving the computation of interest.[2]

1. Prior to January 1, 1978, which was the effective date of G. L. c. 203, § 14A, inserted by St. 1976, c. 515, § 28, amended by St. 1977, c. 76, § 2, it was the rule that "in the absence of a stipulation to the contrary a trustee is personally liable in an action on a contract made by him for the benefit of the trust estate." *Dolben* v. *Gleason*, 292 Mass. 511, 513 (1935). See *Hull* v. *Tong*, 14 Mass. App. Ct. 710, 712 (1982). With a bow to *Dolben* v. *Gleason*, *supra*, a Superior Court judge allowed a motion for summary judgment against Carvelli and Michael P. Ellis. The latter, as far as appears of record, did not sign the purchase order, but was a cotrustee of Bel-High Realty Trust. Ellis and Carvelli were involved in renovating an apartment building at 206 Highland Avenue, Somerville.

By April 10, 1980, the date on which Carvelli signed the purchase order, G. L. c. 203, § 14A, had come into effect and had clipped the wings of *Dolben* v. *Gleason*. Contrast *Hull* v. *Tong*, 14 Mass. App. Ct. at 712 n.4; *Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 424 n.14 (1983); *Seronick* v. *Levy*, *ante* 367, 370 n.3 (1988). The portion of § 14A on which the defendants (Carvelli and Ellis) especially rely is its first paragraph which says: "Unless otherwise provided in the contract, a trustee shall not be personally liable on contracts properly entered into in his fiduciary capacity in the course of administration of the trust estate unless he failed to reveal his representative capacity and identify the trust estate in the contract." The sweep of the first paragraph of the statute is, however, cast in doubt by the immediately following paragraph which reads: "A trustee shall be personally liable for obligations

---

[2] We are not detained by an argument of the plaintiff that the appeal should be dismissed because the notice of appeal was filed before disposition of certain postjudgment motions. The notice of appeal was filed before January 1, 1985, the effective date of an amendment to the second paragraph of Mass.R.A.P. 4(a), as amended through 395 Mass. 1110 (1985). The appellant has the benefit of the rule prior to the 1984 amendment. *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 302-303 (1985).

arising from ownership or control of property of the trust estate
. . . ."[3]

The burden is on the defendants, as appellants, to demonstrate error. In support of its motion for summary judgment, the plaintiff furnished to the motion judge an affidavit of its vice president that the defendants, individually as well as in their capacity as trustees, had contracted for work on the defendants' building. The plaintiff also furnished a deposition of Carvelli indicating ownership and control by him of the building project to which the plaintiff furnished labor and materials. Although the materials which the plaintiff furnished in support of its motion for summary judgment are less informative than one might wish, they provided an acceptable basis for the judge to conclude that Carvelli and Ellis owned and controlled the property of the trust estate, viz., the premises in Somerville, thus putting in play the limiting factor set out in the second paragraph of § 14A. For their part, the defendants filed nothing — and the record contains nothing — setting forth facts which unsettled that conclusion. Consequently there was no genuine issue as to the material fact of the relation of the defendants, as individuals, to the business enterprise. See *Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 585-587 (1986); *Norwood* v. *Adams-Russell Co.*, 401 Mass. 677, 683 (1988). See also and compare *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-251 (1986); *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-326 (1986); *King* v. *Globe Newspaper Co.*, 400 Mass. 705, 719 (1987), cert. denied, 485 U.S. 940 & 962 (1988); *Jones* v. *Taibbi*, 400 Mass. 786, 805 n.3 (1987) (Abrams, J., concurring); *Attorney Gen.* v. *Brown*, 400 Mass. 826, 832-833 (1987); *Kaitz* v. *Foreign Motors, Inc.*, 25 Mass. App. Ct. 198, 200 (1987).

---

[3] The entire second paragraph reads as follows: "A trustee shall be personally liable for obligations arising from ownership or control of property of the trust estate or for torts committed in the course of administration of the trust estate only if he was personally at fault." We read the "at fault" clause, coming after a disjunctive "or," as not modifying the first clause relating to "obligations," especially as the words "at fault" are not ordinarily associated with the word "obligations," while the idea of "at fault" is linked to torts.

When there is a parallel identity of trusteeship and ownership in connection with the holding of title to real estate by trustees, it may be inferred that the trust vehicle is a "nominee trust," a common device for holding title to real estate in Massachusetts and one which affords certain tax advantages. See *Penta* v. *Concord Auto Auction, Inc.*, 24 Mass. App. Ct. 635, 639 (1987). Birnbaum & Monahan, The Nominee Trust in Massachusetts Real Estate Practice, 60 Mass. L. Q. 364, 364, 366-368 (1976). In that form of organization, trustees are frequently seen as agents for the principals' convenience rather than as trustees in the more familiar fiduciary sense. *Williams* v. *Milton*, 215 Mass. 1, 6 (1913). Birnbaum & Monahan, loc. cit. at 367-368.

From the language of the second paragraph of § 14A, its legislative history, and its context, it appears that the insulation with which the statute covers a trustee applies to a trustee acting under a trust of the donative type associated with probate practice, rather than a trustee of an organization conducting a business which the trustee as an individual controls. Statute 1976, c. 515, § 28, by which G. L. c. 203, § 14A, was inserted, was entitled, "An Act making certain changes in the probate laws of the commonwealth." That act made a variety of changes relating to wills, estates, estate taxes, guardians, conservators, executors, administrators, and trustees. A later act, St. 1977, c. 76, § 2, altering the date on which § 14A was to become effective, bore the title: "An Act making corrective changes in the law relative to the effective dates of certain changes in the tax and probate laws." The title to a statute may be considered in its construction. *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 352-353 (1973). *Trustees of Boston Univ.* v. *Assessors of Brookline*, 11 Mass. App. Ct. 325, 329 n.6 (1981). We may conclude from the probate and tax contexts that the scope of § 14A does not encompass the case of trustees who are trustees for themselves in the conduct of business affairs or are trustees of a nominee trust.[4]

---

[4] If the Legislature had a broader purpose in enacting St. 1976, c. 515, § 28, it is, of course, open to it to amend G. L. c. 203, § 14A.

We are handicapped — and so far as appears from the record appendix, so was the motion judge — by not having been furnished with the instrument establishing the trust, but that is a deficiency which cuts against the defendants. As we have observed, once the moving party's materials in support of summary judgment developed a picture disclosing no genuine issue of material fact, it became the task of the defendants, here the nonmoving parties, to contradict the picture so formed. See *Matsushita Elec. Industrial Co.* v. *Zenith Radio Corp.*, 475 U.S. at 585-587, and related cases cited *supra*. The allowance of the motion for summary judgment as to liability is affirmed.

2. Although the fire which destroyed the defendants' premises excused both parties from performance of the contract, the supplier of services and materials was entitled to be compensated at the contract rate, including the interest on past due accounts established by the contract. See *Cleary* v. *Sohier*, 120 Mass. 210, 211 (1876); *Butterfield* v. *Byron*, 153 Mass. 517, 521 (1891); *Perkins Sch. for the Blind* v. *Rate Setting Commn.*, 383 Mass. 825, 834-837 (1981). Although it is less than obvious from the record that the interest rate set forth in the plaintiff's invoices effected a contract rate, the defendants did not dispute either in the Superior Court or on appeal that eighteen percent per year was the contract rate. See Restatement (Second) of Contracts § 354 comment c (1981).

*Judgment affirmed.*