**816**                                                    **418 Mass. 816**

Fox of Boylston Street Limited Partnership *v.* Mayor of Boston.

FOX OF BOYLSTON STREET LIMITED PARTNERSHIP *vs.*
MAYOR OF BOSTON & others,[1] trustees.[2]

Suffolk. September 12, 1994. - November 14, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Limitations, Statute of. Trust*, Trustee's accounts, Public trust, Charitable
trust. *Contract*, Trustee, Sale of real estate.

The statute of limitations set forth in G. L. c. 260, § 11, applies to all
actions against testamentary trustees, including trustees of a public
charitable trust. [817-818]
Where a plaintiff's causes of action accrued more than two years before it
filed its complaint against the defendants, who were trustees of a public
charitable trust, the claims were barred by the statute of limitations set
forth in G. L. c. 260, § 11. [818-819]
In a civil action the judge did not abuse his discretion in denying the plain-
tiff relief from judgment. [819]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 19, 1991.

The case was heard by *John C. Cratsley*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Ira H. Zaleznik* for the plaintiff.

*Steven P. Perlmutter* (*Michael D. Lurie* with him) for the
defendants.

WILKINS, J. The plaintiff (Fox) claims that the defendants,
trustees of the George Robert White Fund, unlawfully failed
to convey to Fox land of the trust at 146 Boylston Street in

---

[1]The president of the city council, the city auditor, the president of the
Boston Bar Association, and the president of the Boston Chamber of
Commerce, individually and as trustees.

[2]Of the George Robert White Fund.

Boston. Fox's complaint alleged that the defendants (1) had violated a written agreement to sell the land to Fox's predecessor in interest, (2) were in breach of a covenant of good faith and fair dealing, (3) had violated G. L. c. 93A (1992 ed.), and (4) had misrepresented their intention to sell the land at the agreed-upon price. Fox acquired the claims of the intended developer of a project on Boylston Street from the developer's trustee in bankruptcy.

A judge of the Superior Court allowed the defendants' motion for summary judgment on the ground that Fox had not commenced this action before the applicable statute of limitations applied to bar recovery. We transferred Fox's appeal here on our own motion. We affirm the judgment.

Under the will of George Robert White, who died in 1922, the city of Boston acquired real estate, including 146 Boylston Street, to be held for the benefit of the inhabitants of Boston and to be managed by a board of trustees. In 1987, the city, purporting to act through the trustees, entered into an agreement to sell 146 Boylston Street to Fox's predecessor in interest. The agreement stated no closing date. The parcel was the middle one in a proposed three-parcel project, which could not be completed because the developer could not acquire 146 Boylston Street.

1. The judge properly concluded that the period of limitations stated in G. L. c. 260, § 11 (1992 ed.), applied to Fox's claims in this case. Section 11 provides, with exceptions not relevant here, that "[a]n action founded on any contract made or act done, . . . if made or done by any person acting as trustee, guardian or conservator, shall be brought within two years, after the right of action accrues." Literally, § 11 applies to the trustee of the George Robert White Fund, which was created as a testamentary public trust.

Fox argues, however, that § 11 should not be read to apply to a trustee not required to file periodic accounts for court approval. Fox points to *Hull* v. *Tong*, 14 Mass. App. Ct. 710, 713 (1982), in which the Appeals Court stated that testamentary trustees under § 11 "are the persons who are specifically required by G. L. c. 206, § 1, to file periodic ac-

counts to be allowed by a Probate Court judge." Cf. *First E. Bank, N.A.* v. *Jones*, 413 Mass. 654, 661 (1992) (G. L. c. 203, § 14A [1992 ed.], limiting personal liability of trustees, does not apply to the trustees of a Massachusetts business trust); *Apahouser Lock & Sec. Corp.* v. *Carvelli*, 26 Mass. App. Ct. 385, 388 (1988) (trustee of nominee realty trust not within G. L. c. 203, § 14A). The Appeals Court held, however, only that § 11 did not apply to a business trust, and expressly left open the question whether § 11 "has any application to a trustee under a trust instrument (other than one creating a business trust) who is not appointed by or required to account to a Probate Court." *Hull* v. *Tong, supra* at 713 n.5.

We reject the distinction that Fox asks us to identify in the application of § 11. The city is a trustee under a will, obliged to follow the testator's intention. The fact that a testamentary trust is public and charitable does not eliminate the fiduciary duty of a trustee or the trustee's accountability to courts for its conduct. The Legislature did not expressly make the distinction for which Fox argues, and the argument that we should imply such a distinction is not persuasive. Section 11 should be read as applicable to all testamentary trustees, including a trustee of a public charitable trust.

2. Fox's claims accrued more than two years before June 19, 1991, the date on which this action was commenced. Fox alleged in its verified complaint that "to finalize the purchase of 146 Boylston from the White Fund," it "informed the White Fund that it was ready to complete the purchase, and that the closing would be scheduled for June 1, 1989, at the Suffolk County Registry of Deeds." The complaint further alleged that Fox appeared at the registry on that date, "ready, willing and able to complete the conveyance of the property for the agreed upon purchase price," but the White Fund failed to appear and "failed and refused to complete the conveyance of 146 Boylston, in violation of their prior agreement to do so." Fox's July 28, 1989, demand letter under G. L. c. 93A stated that the failure of the city to perform on June 1, 1989, constituted a breach of contract and a

violation of G. L. c. 93A. All Fox's causes of action accrued on or before June 1, 1989.

3. More than six months after the entry of final judgment, Fox moved to vacate that judgment on the ground, not previously advanced, that the action was timely commenced as a result of the application of 11 U.S.C. § 108 (a) (1988). Section 108 (a) of the Bankruptcy Act grants additional time to a trustee in bankruptcy to commence an action in certain circumstances. Fox alleged that in bringing this action it acted as an agent of the bankruptcy trustee from whom Fox acquired the claims against the city. The trial judge rejected this argument and further ruled that no aspect of Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), authorized the granting of relief from the judgment already entered. The judge did not abuse his discretion in denying relief from judgment. See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 157-158 (1987). We need not, therefore, reach the doubtful proposition that Fox brought suit as the agent of the bankruptcy trustee.

4. Because we affirm the dismissal of the action, it is not important whether the judge erred in dismissing the Attorney General as a party (see G. L. c. 12, § 8G [1992 ed.]) on the Attorney General's representation that he had no present interest in the action. The question certainly does not involve the jurisdiction of the court to enter the final judgment that was entered.

We also need not decide whether, after allowing the defendants' motion for summary judgment, the judge erred in denying as moot Fox's motion to amend the complaint to add the city of Boston as a party defendant. Fox was not prejudiced by the denial of that motion. The defendants rightly state that the proper defendant would be the city in its capacity as trustee of the George Robert White Fund. General Laws c. 260, § 11, bars the action, however, whether the city was the defendant as trustee or the five members of the board of trustees of the fund were the de-

fendants, as agents for the city (see *Boston* v. *Dolan*, 298 Mass. 346, 349-350 [1937]).

*Judgment affirmed.*