Kern, J.
This Court entered a Preliminary Order on March 9, 2000, finding that the defendants Michael Foster, Trustee of the Deer Run Trust and Audrey Foster, had fraudulently transferred property (Counts I and II) previously owned by Clearings Development Corporation (“Clearings Corp.”) and the defendants had conspired “with the debtor, Ernest W. Foster, Jr., to hide the debtor’s assets to avoid payment of the plaintiffs judgment.” The plaintiff moved, inter alia, for a real estate attachment against Michael Foster (“Foster”). The real estate attachment was allowed because the court finds that Foster is personally liable.
Foster opposed the motion for a real estate attachment. To the extent that the court considers this a request to reconsider the ruling that the defendants were involved in a civil conspiracy, that request is DENIED. Foster also argues that the amount of the judgment was incorrect as a matter of law. The court considers this a request to reconsider the amount and that request is ALLOWED. Finally, Foster argues that he is not liable for attorneys fees. The request to reconsider the court’s allowance of reasonable attorneys fees is DENIED.

BACKGROUND

This case was brought to satisfy an underlying judgment plaintiff obtained against Ernest W. Foster, Jr. (“Ernest Foster") on a contract claim. Judgment entered on November 16, 1993 in the amount of $545,780.79. Plaintiff was unable to collect the judgment from Ernest Foster as he had no personal assets at the time of the judgment. The court allowed garnishment of Ernest Foster’s wages. Since Ernest Foster earns only $26,635.00 per year[1] this amount has done little to satisfy that judgment. Prior to plaintiff s attempts to collect on the judgment, Ernest Foster had owned a great deal of property. The property in Princeton, Massachusetts, that was at the basis of this suit, was owned by Clearings Corp. This court found that Clearings Corp. was Ernest Foster’s alter ego. Ownership of the Princeton property was fraudulently transferred from Clearings Corp. to Deer Run Trust. Foster is the sole trustee of Deer Run Trust and Audrey Foster is the sole beneficiary. This Court found that the defendants had conspired to fraudulently convey that property to hide Ernest Foster’s assets.

*640
DISCUSSION

A. Foster’s Personal Liability

It is undisputed that the common law allows the court to find a trustee personally liable for torts committed in the administration of a trust. First Eastern Bank. NA. v. Jones, 413 Mass. 654, 658-59 (1992). Foster claims that the fraudulent conveyance was not a common law tort and that he was not involved in a civil conspiracy. It is clear, as Foster argues, there is precedent supporting civil conspiracy as a “very limited cause of action” in Massachusetts; that is, civil conspiracy of a coercive type. Aetna Casualty & Surety Co. v. P&B Auto Body, 43 F.3d 1546, 1563 (1st Cir. 1994). In order to state a claim under this theory plaintiff must show that “defendants, acting in unison, had some particular power of coercion over plaintiff that they would not have had if acting independently.” Aetna Casualty, 43 F.3d 1546, 1563. Plaintiff has not alleged, nor has this court found that the defendants had any power of coercion over him.
What Foster disingenuously ignores is the second type of civil conspiracy, discussed at length in Aetna Casualty, “more akin to a theory of common law joint liability in tort.” Id. 1564-65. The Court of Appeals noted that civil conspiracy based on this theory is “explicitly recognized in Massachusetts.” Aetna Casualty at 1564. Citing Gurney v. Tenney, 197 Mass. 457 (1908); New England Foundation Co. v. Reed, 209 Mass. 556 (1911) (“The gist of a civil action of this sort is not the conspiracy, but the deceit or fraud causing damage to the plaintiff, the combination being charged merely for the purpose of fixing joint liability on the defendants”); Kyte v. Philip Morris, Inc., 408 Mass. 162; Payton v. Abbott Labs, 512 F.Sup. 1031, 1035 (D. Mass. 1981) (“The concert of action theory in Massachusetts tracks sec. 876(a) of the Restatement”).
Under this theory “there must be a common plan to commit a tortious act where participants know of the plan and its purpose and take affirmative steps to encourage achievement of the result.” Kyte v. Philip Morris, Inc. 408 Mass. 162, 166-67 (1990). This court found that Foster and Audrey Foster had a common plan to fraudulently convey property that would have otherwise been available to plaintiff to satisfy his judgment against Ernest Foster and they both took affirmative steps to achieve that result. Hence, Foster as Trustee has committed the common law tort of civil conspiracy and as such is personally liable for the judgment in this case.
B. Amount of the Judgment.
Foster argues that the Preliminary Order was incorrect in entering judgment in the amount of $545,780.79, the amount of the underlying judgment [with statutory post-judgment interest since November 17, 1993 (the date of thát judgment) minus any payments already made pursuant to the garnishment order). The court also awarded reasonable attorneys fees for bringing this action. Foster challenged that as well.
The court is persuaded that the judgment should enter in an amount equal to the value of the property fraudulently acquired. See Buckley v. John, 314 Mass. 719 (1943), and other more recent cases cited in Foster’s opposition at 4. Therefore, the judgment will enter in the amount of $335,000.00 (the appraised value of the property on May 27, 1992) plus post-judgment interest from December 20, 1994 (the date of the fraudulent conveyance) to the date of judgment. The court remains convinced that Foster is liable for reasonable attorney fees and that part of the original judgment will stand. See Franchi v. Stella, 42 Mass.App.Ct. 251, 259 (1996), and Fleet National Bank of Massachusetts v. Judith Merriam and others, 45 Mass.App.Ct. 592, 596 (1998). Therefore, legal fees ($43,225.25) and costs ($2,966.11) will be awarded.

ORDER

Judgment shall enter against Michael Foster and Audrey Foster in the amount of $335,000.00 plus post-judgment interest from December 20, 1994 to the date of this judgment.
In addition, judgment will include reasonable attorneys fees and costs in the amount of $46,191.36.

 Ernest Foster works for his wife Audrey Foster and this Court found that his salary from her company, AMF Construction Corporation (“AMF”), was artificially low. Audrey Foster received abonusof$l 18,000.00 in 1994, the first year AMF was in business while Ernest Foster was paid $26,635 with no bonus. This court did not credit the testimony for this discrepancy. Audrey Foster repeatedly testified that she “got that much because I was the president.”