CHARLESTOWN SAVINGS BANK *vs.* HARRY N. GORIN. February 1, 1963. Exceptions overruled. This is an action of contract on a mortgage note brought for the benefit of the assignee, David Rosenbloom, in the name of the assignor, Charlestown Savings Bank, but without its approval, against the defendant individually. The case is here on exceptions taken by the plaintiff to rulings on evidence, to the denial of its requests for rulings of law, and to the judge's specific finding of fact and general finding for the defendant. The note was dated October 31, 1938, was in the amount of $12,000, and was made by "Harry N. Gorin, Trustee of Atlas Realty Trust, under a Declaration of Trust dated October 31, 1938, duly recorded." The bank (formerly called Charlestown Five Cents Savings Bank) was the payee. The note was secured by a mortgage on certain real estate. The declaration of trust, as the bank knew, exempted the trustee from personal liability and further provided "in all contracts or other instruments creating liability it shall be expressly stipulated, by reference to this Declaration of Trust, that the party contracting with the Trustee shall look only to the funds and property constituting the Trust Estate for the satisfaction of any liability or obligation thereunder." On November 17, 1958, the bank assigned to Rosenbloom for the sum of $100 the mortgage and the overdue note and claim secured thereby. On that date the outstanding principal balance was $6,896. Without considering other defences available to and pressed by the defendant, we are of the opinion that the terms of the trust, in view of the bank's knowledge, freed Gorin of personal liability to the bank, and the note being overdue, to the bank's assignee, Rosenbloom. There was no error in the court's rulings on evidence to which the plaintiff took exception and its requests for rulings of law were properly refused.

*Edward E. Cohen* for the plaintiff.

*John A. Perkins* (*Lawrence T. Perera* with him) for the defendant.

TOWN OF STOUGHTON *vs.* NOEL A. GRIEVE. February 1, 1963. Decree affirmed. The ruling of the Superior Court judge is right that § 3 (e) of the zoning by-laws of the town of Stoughton, read with § 6 (a), requires permission from the board of appeals for the operation of a dog kennel in an industrial district. Although § 3 states restrictions for single residence districts, § 6 (for industrial districts) incorporates the restrictions. Section 6 bars the use of buildings, structures or premises "for any purpose except: (a) any purpose authorized in single residence, general residence or business districts." The authorization by § 5 (b) of retail and wholesale businesses in business districts (and hence by § 6 [a], in industrial districts) does not, in context, include those special activities which by § 3 require board approval. The final decree, which enjoins operation of a dog kennel "without compliance with the provisions of the applicable zoning by-laws," read with the ruling, is correct and affords appropriate relief.

*Robert C. Hahn* for the defendant.

*John C. Webster, Jr.,* for the plaintiff.