## CHICOPEE CONCRETE SERVICE, INC. *vs.* HART ENGINEERING CO.

Suffolk.    September 8, 1986. — October 9, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Contract,* Building contract, Subcontract, Incorporation by reference. *Practice, Civil,* Summary judgment.

Where a contract between a general contractor and a subcontractor, under which the subcontractor was to supply concrete for a public works project, did not fully incorporate the terms of the general contract, including a clause providing that all subcontractors were subject to approval by an engineering firm representing the awarding authority, and where only terms of the general contract relating to the work to be done were incorporated by general reference, the engineering firm's refusal to approve the subcontractor did not justify the general contractor in terminating the subcontract. [477-478]

A general reference clearly stated in a subcontract is sufficient to incorporate the terms of a general contract, unless incorporation by general reference is explicitly rejected by statute or regulation. [478]

Where the judge in a contract action should have entered judgment for the plaintiff, rather than for the defendant, on the basis of the material properly before him on the parties' cross motions for summary judgment, the Appeals Court, dealing with the same record on the plaintiff's appeal, was fully warranted in ordering the entry of summary judgment for the plaintiff. [478]

Where the plaintiff on motion for summary judgment in a contract action presented record support for the existence of a contract which the defendant had repudiated without right, and the defendant failed to allege specific facts to establish a genuine triable issue, summary judgment should have been entered in favor of the plaintiff. [479]

CIVIL ACTION commenced in the Superior Court Department on September 13, 1979.

Motions for summary judgment were heard by *Mel L. Greenberg,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Peter J. Gagne* for the plaintiff.

*Francis M. Lynch* for the defendant.

*Robert J. Sherer & James F. Grosso* for Associated General Contractors of Massachusetts, Inc., amicus curiae, submitted a brief.

WILKINS, J. The Appeals Court held that the defendant, Hart Engineering Co. (Hart), the general contractor on a public works project in Holyoke, and the plaintiff, Chicopee Contract Service, Inc. (Chicopee), had entered into a contract concerning the supplying of concrete for the project and that Hart was liable for breach of contract when it terminated the contract after the engineering firm representing the city, as was its right, disapproved of Chicopee as a supplier of concrete. *Chicopee Concrete Serv., Inc.* v. *Hart Eng'g Co.,* 20 Mass. App. Ct. 315 (1985). The Appeals Court thus reversed the summary judgment for Hart entered in the Superior Court, ordered entry of summary judgment for Chicopee on liability, and remanded the case for the determination of damages. *Id.* at 321.

We granted Hart's application for further appellate review, concerned principally with Hart's arguments that (1) the Appeals Court opinion declared that the terms of a general contract could not become part of a subcontract unless those terms were unambiguously restated in the subcontract and (2) the Appeals Court should not have ordered summary judgment for Chicopee on the quesiton of liability. We agree with the Appeals Court's conclusions and shall comment only on the points that attracted our attention in the application for further appellate review.

Hart argued, successfully in the Superior Court but unsuccessfully in the Appeals Court, that its contract with Chicopee incorporated by reference the provisions of the prime contract that subcontractors had to be approved by the city's representative and that, because the city's representative disapproved of Chicopee as a supplier of concrete, the subcontract was unenforceable. The problem with Hart's argument is that the terms of the prime contract were not fully incorporated in the

subcontract by the language Hart included in the purchase order it gave to Chicopee, but rather only terms relating to the work to be done were incorporated by general reference. The Appeals Court was most careful to note that the terms of a general contract could be incorporated fully in the subcontract by appropriate reference. *Chicopee Concrete Serv., Inc.* v. *Hart Eng'g Co., supra* at 320. We do not read the Appeals Court opinion as announcing a rule, as the amicus curiae argues, that a provision of a general contract will be included in a subcontract only if it is specifically referred to as a condition of the subcontract. Unless incorporation by general reference is explicitly rejected by some statute or regulation, incorporation by a clearly stated general reference will suffice.[1]

The subcontract could have incorporated the general terms and conditions of the general contract by cross reference to the relevant documents. In this case, however, the incorporation was only of those terms of the general contract that were relevant to the work to be performed by Chicopee.

Hart complains that the Appeals Court should not have ordered summary judgment for Chicopee on the issue of liability. If the Superior Court judge should have entered that judgment on the basis of the material properly before him on the parties' cross motions for summary judgment, the Appeals Court dealing with the same record is fully warranted in directing that it be done. See 6 Moore's Federal Practice par. 56.27 [2] (2d ed. 1985).

We see no genuine issue as to any material fact which would bar the award of summary judgment on the liability question. Hart did not argue below that, if there was a contract in which the owner-approval clause was not incorporated by reference, Chicopee knew, or at least had notice, of the owner-approval

---

[1] The Appeals Court found reinforcement in its conclusion from the presence in the subcontract of the requirement "to fully comply with all the requirements pertaining to Nondiscrimination in Employment and the President's Executive Order 11246 and amendments." *Id.* at 321. It appears that by regulation these requirements may not be incorporated by reference to the contract documents (29 C.F.R. § 5.5[a] [6] [1986]), and thus the explicit, special reference to those requirements seems to provide no reinforcement to the Appeals Court's conclusion.

requirement and thus should be bound by the owner's disapproval. If it were supported by the record, we could consider this argument in support of the result reached in the trial court, even though Hart did not raise the issue there and the judge did not deal with it. 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2716, at 658 (1983 & Supp. 1986).[2] The record, however, does not support it.

Chicopee presented record support for the existence of a contract which Hart had repudiated without right. In the circumstances, to avoid partial summary judgment against it the burden was on Hart to present record support for its position that Chicopee knew of, or at least had notice of, the owner-approval requirement before the subcontract was entered into. It did not, and understandably so, because Hart was not relying on this theory at the trial level. "[I]f the moving party shows that there is no issue for trial, the opposing party must respond and allege specific facts which establish that there is a genuine, triable issue, or summary judgment (if appropriate in all other respects) will be entered against him." *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 554 (1976).

The judgment is reversed. Summary judgment for Chicopee on liability is to be entered, and the question of damages for breach of contract shall be considered.

*So ordered.*

---

[2] The Appeals Court "assumed for purposes of deciding this case that Chicopee did not have actual knowledge of the owner-approval clause," and thus that court did not consider whether the existence of such knowledge would call for entry of judgment for Hart. *Chicopee Concrete Serv., Inc.* v. *Hart Eng'g Co., supra* at 321 n.7. The Appeals Court appears to have made the assumption that Chicopee had no knowledge of the owner-approval clause on a rather cryptic statement of Chicopee's president in an affidavit that at a time after the subcontract was entered into he did not know of "'any engineer or owner action on Chicopee.'" See *id.* We do not credit this statement as an affirmative showing that Chicopee was not on notice and did not know of the owner-approval provision in the general contract.