RUTH S. ZUROFF, trustee, & others[1] vs. FIRST WISCONSIN
TRUST COMPANY.

No. 95-P-282.

Middlesex. February 15, 1996. - October 18, 1996.

Present: ARMSTRONG, GILLERMAN, & IRELAND, JJ.

*Lien. Mortgage,* Foreclosure. *Real Property,* Tax lien. *Trust,* Beneficiary.

Where property, held by a trustee in a nominee trust for the benefit of the
    trustee personally, was reachable to pay the trustee's personal tax li-
    ability and where nothing in the trust property's record history revealed
    to the successful bidders at a foreclosure sale of the property that the
    property was the subject of Federal tax liens, the liens were not valid
    against the purchaser; accordingly, the bidders wrongfully refused to
    complete the sale, claiming breach of contract on account of the alleg-
    edly undisclosed liens, and they were not entitled to the return of their
    deposit. [492-495]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 10, 1993.

The case was heard by *Wendie I. Gershengorn,* J., on mo-
tions for summary judgment.

*Daniel Briansky* for the plaintiffs.

*John K. Britt* for the defendant.

ARMSTRONG, J. The plaintiffs, the highest bidders at a
mortgage foreclosure sale of 1408 Commonwealth Avenue in
Newton, appeal from a judgment dismissing their action for a
refund of $50,000 they had placed as a down payment, and
for related relief. They had refused to complete the sale
because, they contend, the property was subject to Federal
tax liens, and First Wisconsin Trust Company (First
Wisconsin), assignee of the mortgage, had neither given
proper notice to the Internal Revenue Service (IRS), as

[1]Maureen Murray, trustee, with Ruth S. Zuroff, of Caesar Associates
Trust, and William J. Zuroff.

required by 26 U.S.C. § 7425(c)(1) (1994), nor advertised the property as being sold subject to those liens. See G. L. c. 244, § 14 ("no purchaser at the [foreclosure] sale shall be bound to complete the purchase if there are encumbrances . . . which are not stated at the sale and included in the auctioneer's contract with the purchaser"); *Guleserian* v. *Pilgrim Trust Co.*, 331 Mass. 431 (1954).

The plaintiffs argue that the judge, in granting summary judgment to First Wisconsin, relied on certain facts as undisputed that were not substantiated in the summary judgment record but appeared only in First Wisconsin's memorandum of law. Such reliance would be improper. See *James* v. *Wampanoag Tribal Council of Gay Head, Inc.*, 23 Mass. App. Ct. 122, 128 n.7 (1986). The plaintiffs, however, filed a motion for reconsideration, in which by affidavit they substantiated the accuracy of the facts at issue to the extent material; and, since no question remained that the originally unsubstantiated facts were in fact undisputed, we interpret the judge's decision denying reconsideration as one allowing reconsideration and reaffirming on the supplemented record the decision granting summary judgment to First Wisconsin. Reversal now would be pointless if, on conceded facts, First Wisconsin is entitled to judgment in its favor.

The decisive issue is whether the property was subject to two Federal tax liens applicable to all property owned by Steven A. DiSarro and Pamela J. DiSarro. The latter had conveyed 1408 Commonwealth Avenue to herself as trustee of 1408 Commonwealth Trust in 1983. This was a nominee trust, of which Pamela was a fifty-one percent beneficial owner. On July 30, 1987, Pamela, as trustee, conveyed the property back to herself individually and executed a mortgage that was later assigned to First Wisconsin. On August 28, 1987, she reconveyed the property to the trust (i.e., to herself as trustee) subject to the mortgage. The Federal tax liens against Steven and Pamela as individuals were filed roughly eight months after the August 28, 1987, conveyance. First Wisconsin's foreclosure sale took place in 1992.[2]

The reach of a Federal tax lien is determined largely by State law, which defines what constitutes property or rights

---

[2]Although it is not material to this decision, there were actually two foreclosure sales, the first on July 8, 1992, which was later cancelled due to concerns regarding notice to the IRS, and a second, rescheduled sale on

to property. *Aquilino* v. *United States,* 363 U.S. 509, 512-514 (1960). It is axiomatic, under Massachusetts law, that property that one holds as trustee is not subject to payment of the trustee's personal debts; the plaintiffs do not argue otherwise. Rather, they argue, the special incidents of a nominee trust make a beneficiary's interest in many cases subject to the payment of his or her debts.[3] See, e.g., *State St. Bank & Trust Co.* v. *Reiser,* 7 Mass. App. Ct. 633, 636-638 (1979); *Shamrock, Inc.* v. *Federal Deposit Ins. Corp.,* 36 Mass. App. Ct. 162, 166 (1994); *Worcester* v. *Sigel,* 37 Mass. App. Ct. 764, 768 (1994). For purposes of decision we can assume that the IRS could have reached Pamela DiSarro's fifty-one percent equitable interest to apply to payment of her tax liabilities.

It does not follow, however, that the Federal lien attached to 1408 Commonwealth Avenue, the trust res, so as to enable the IRS to reach it in the hands of a purchaser for value. The 1408 Commonwealth Trust is typical of nominee trusts, in that the names of the beneficiaries were filed with the trustee but not in the registry of deeds. See *Roberts* v. *Roberts,* 419 Mass. 685, 687 n.2 (1995). Thus, the fact that Pamela DiSarro was a beneficiary of the trust was not a matter of public record. See, e.g., *Hudgins* v. *Internal Rev. Serv.,* 967 F.2d 973, 977 (4th Cir. 1992); *United States* v. *Glenn Upton, Inc.,* 378 F. Supp. 1028, 1034 (W.D. Mo. 1974); *Matter of De La Vergne,* 156 B.R. 773, 778 (Bankr. E.D. La. 1993). See generally *Teschke* v. *Keller,* 38 Mass. App. Ct. 627, 632 (1995). Moreover, because Pamela individually transferred the trust property to Pamela, trustee, before the Federal tax lien was filed against her, nothing in the trust property's record history would indicate that a lien filed against Pamela individually would encumber the trust property. See *TKB Intl., Inc.* v. *United States,* 995 F.2d 1460, 1465 (9th Cir. 1993). Contrast *Kivel* v. *United States,* 878 F.2d 301, 304-305 (9th

November 13, 1992. The plaintiffs were the successful bidders on both occasions.

[3] The trustee of a nominee trust acts at the direction of the beneficiaries, functioning more as an agent than as a true trustee. See *Morrison* v. *Lennett,* 415 Mass. 857, 860 (1993), and authorities cited. See also *Johnston* v. *Holiday Inns, Inc.,* 595 F.2d 890, 893 (1st Cir. 1979).

Cir. 1989); *United States* v. *Jane B. Corp.*, 167 F. Supp. 352, 355 (D. Mass. 1958). Thus, a search of the Federal tax lien index and the conveyance documents themselves, however extensive, would not reveal to a purchaser of the trust property that it was the subject of a Federal tax lien.

The filing procedure for Federal tax liens is set forth in 26 U.S.C. § 6323(f) (1994). With regard to real property, § 6323(f)(4) provides, in essence, that if under State law a deed is not valid against a bona fide purchaser unless its filing has been recorded in a public index, then the Federal tax lien is not valid against a purchaser unless the fact of its filing is recorded in a public Federal lien index so that a reasonable inspection of the index will reveal the existence of the lien.[4] Massachusetts law falls within this subsection, pursuant to G. L. c. 183, § 4, and G. L. c. 36, § 24.[5]

As there was nothing in the public record to alert a purchaser that the IRS claimed any lien on the trust property, we conclude that under 26 U.S.C. § 6323, the Federal tax liens filed against Pamela DiSarro individually did not constitute a lien on 1408 Commonwealth Avenue that was valid against the plaintiffs as purchasers. Accordingly, the

---

[4]Title 26 of the United States Code § 6323(f)(4) provides that "if — (A) under the laws of the State in which the real property is located, a deed is not valid as against a purchaser of the property who (at the time of purchase) does not have actual notice or knowledge of the existence of such deed unless the fact of filing of such deed has been entered and recorded in a public index at the place of filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed, and (B) there is maintained (at the applicable office under paragraph [1]) an adequate system for the public indexing of Federal tax liens, then the notice of lien referred to in subsection (a) shall not be treated as meeting the filing requirements under paragraph (1) *unless the fact of filing is entered and recorded in the index referred to in subparagraph (B) in such a manner that a reasonable inspection of the index will reveal the existence of the lien*" (emphasis supplied).

[5]General Laws c. 183, § 4, provides, generally, that the conveyance of real estate is not valid against third parties, except those having actual notice of it, unless it is recorded in the registry of deeds for the county in which the property sits. General Laws c. 36, § 24, further provides, in relevant part, that Federal tax liens are to be filed in the county where the real property is situated, and that indexes are to be maintained for the alphabetical listing of all taxpayers against whom such lien has been recorded.

defendants are not liable for nonperformance under their memorandum of sale, and the plaintiffs are not entitled to recover their deposit or related damages in connection with their refusal to close on the property.

*Judgment affirmed.*