Edward J. Sylvia, Jr. *vs.* Richard A. Johnson & others.[1]

No. 96-P-0381.

Bristol. February 10, 1998. - March 26, 1998.

Present: Brown, Gillerman, & Porada, JJ.

*Trust,* Personal liability of trustee, Claim of creditor. *Contract,* Trustee.

In a breach of contract action brought by a plaintiff against two individuals, who were both the trustees and beneficiaries of a nominee trust, this court held that the claims of the plaintiff against the defendants in their capacities as trustees were foreclosed by reason of a nonrecourse clause in the trust instrument, where the plaintiff knew or should have known of the existence of such a clause prior to signing the contract at issue. [485-487]

In a civil action, the judge correctly directed a verdict in favor of one defendant where the plaintiff did not establish any basis on which that defendant could be held liable. [487-488]

Civil action commenced in the New Bedford Division of the District Court Department on October 24, 1989.

On transfer to the Superior Court Department, the case was tried before *Patrick F. Brady,* J.

*John J. O'Connor* for James R. McDuffee.

*Frederick J. McLoughlin, Jr.,* for Edward J. Sylvia, Jr.

*Douglas A. Hale* for Joseph Somario.

Gillerman, J. After a jury trial, and the jury's answers to certain questions (described below), the judge directed a verdict for the plaintiff (Sylvia) against the defendants James R. Mc-

[1]Arthur F. Good, individually and as trustee of Star Associates Trust; James R. McDuffee, individually and as trustee of Star Associates Trust; Joseph Somario; Pearl Vasconcellos, individually and as trustee of N.B. Realty Trust and Pleasant Street Realty Trust; Stephen Martell, individually and as trustee of School Street Realty Trust.

No briefs have been filed on behalf of Richard A. Johnson, Arthur F. Good, Pearl Vasconcellos, or Stephen Martell, and we do not make further mention of these parties except where required to explain the facts.

Duffee and Arthur F. Good, and he directed a verdict for the defendant Joseph Somario on Sylvia's claim against him. Mc-Duffee appealed from the judgment in favor of Sylvia and against him, and Sylvia cross-appealed from the judgment in favor of Somario. We now consider the appeals of McDuffee and Sylvia (see note 1, *supra*, second par.). The principal issue is whether personal liability of McDuffee and Good, sole trustees and beneficiaries of a nominee trust, for the contractual claims of Sylvia is foreclosed by reason of a nonrecourse clause[2] in the trust instrument. The judge answered this question in the negative, and we reverse. We also affirm the judgment in favor of Somario.

The material facts are not in dispute. On February 17, 1988, Sylvia, an attorney and experienced real estate developer and investor, conveyed a parcel of improved real estate in New Bedford (property) to Good and McDuffee as trustees of Star Associates Trust (together, trustees). Sylvia had purchased the property on February 11, 1988. Sylvia's deed to the trustees recited that Good and McDuffee were "Trustees of Star Associates Trust u/d/t dated February 17, 1988, to be recorded herewith . . . ."

The declaration of trust of Star Associates Trust was recorded in the Bristol County Registry of Deeds, Southern District, immediately preceding the recording of the deed to the trustees. The trust provided that the beneficiaries were those persons "listed in the Schedule of Beneficial Interests this day executed and filed with the Trustee[s]. . . ." The trustees had no power to deal with the trust estate except as "specifically directed by the beneficiaries. . . ." It is undisputed that Star Associates Trust is a nominee trust. See *Morrison* v. *Lennett*, 415 Mass. 857, 860 (1993); *Zuroff* v. *First Wis. Trust Co.*, 41 Mass. App. Ct. 491, 493 (1996). A nominee trust is a form of ownership of real estate which is in considerable use in Massachusetts as a title-holding device. See *Penta* v. *Concord Auto Auction, Inc.*, 24 Mass. App. Ct. 635, 639 (1987).

[2]The clause, which is set forth in the text below, is referred to by the judge as an "exculpatory clause." Ordinarily, an exculpatory clause releases a party from his wrongful acts. A nonrecourse clause, on the other hand, ordinarily creates a limitation on personal liability. See, e.g., Black's Law Dictionary 566, 1057 (6th ed. 1990) ("exculpatory clause" and "nonrecourse debt" or "nonrecourse loan"). The declaration of trust of Star Associates Trust contains both an exculpatory clause and a nonrecourse clause. McDuffee does not set up the exculpatory clause as a defense to Sylvia's claim.

Paragraph VIII of the declaration of trust, captioned "NO PERSONAL LIABILITY," provides as follows: "No trustee *or beneficiary* of this Trust shall be held personally or individually liable for any of the obligations incurred or entered into on behalf of the Trust and *each person who deals with the Trustee[s] shall look solely to the Trust Estate for satisfaction of any claims which such persons may have against the Trust*" (emphasis added).

On the day following the conveyance of the property to the trustees (February 18, 1988), Sylvia, the trustees, and the defendant Johnson, a builder and developer, entered into a written agreement. The agreement was signed by Sylvia, Johnson, and Star Associates Trust "By: Arthur F. Good" and "By: James R. McDuffee." The trustees agreed to pay Johnson $150,000 to renovate the property. Johnson agreed to pay all costs exceeding that amount, and the trustees agreed to lease the third floor, as renovated, rent-free for life to Sylvia. Johnson subsequently filed for bankruptcy, and there was no performance by the trustees or by Johnson. This lawsuit followed.

In answer to special verdict questions, a Superior Court jury found (the finding is not challenged on appeal) that Sylvia knew "or should . . . have known, on or before he signed the February 18, 1988 Agreement . . . that the Star Associates Trust referred to in the Agreement contained a provision that the trustees and beneficiaries shall not be personally or individually liable." In response to a second question, the jury found that Sylvia had sustained damages "by reason of the breach of the February 18, 1988 Agreement" in the amount of $815,306.

Notwithstanding Sylvia's constructive or actual knowledge of par. VIII of the trust, the trial judge rejected the trustees' argument that par. VIII precluded personal liability. The judge reasoned that the trust was not a "true trust," and because it was a device merely to hold "bare title," the nonrecourse clause could not foreclose individual liability of the trustees.

*Discussion.* It is generally true that a person cannot, by placing his property in trust for his own benefit, keep it beyond the reach of his creditors. *Ware* v. *Gulda,* 331 Mass. 68, 70 (1954). In the case of nominee trusts, liability has been imposed directly upon the beneficiaries, see *Morrison* v. *Lennett,* 415 Mass. at 862, the theory being that the relationship created by such an instrument is in the nature of a partnership and not a trust, see *First Natl. Bank* v. *Chartier,* 305 Mass. 316, 320 (1940), or that

the trustees were merely the agents "for the principals' convenience." *Apahouser Lock & Sec. Corp.* v. *Carvelli*, 26 Mass. App. Ct. 385, 388 (1988). But, so far as we are aware, this general proposition has not been applied to favor a contract creditor who has assented to a nonrecourse provision in the trust documents. See *Shoe & Leather Natl. Bank* v. *Dix*, 123 Mass. 148, 151 (1877) ("we believe no case can be found in which a promise 'as trustee,' etc., accompanied with an express disclaimer of personal liability [in the contracting document], would fail to exempt him"); *Larson* v. *Sylvester*, 282 Mass. 352, 359 (1933) ("That a trustee can exempt himself from personal liability by stipulation or agreement is well established . . . but . . . . [t]here must have been an agreement that he should not be liable personally in order to confine the plaintiff to recourse against the trust"). Contrast *Dolben* v. *Gleason*, 292 Mass. 511, 513 (1935) (trustee held personally liable where no agreement by creditor to a nonrecourse provision).

More recently, the Supreme Judicial Court, responding broadly to a question certified by the United States District Court involving a contract creditor of a business trust organized under G. L. c. 182, wrote, "At our common law, a trustee is personally liable on a contract the trustee signs on behalf of a trust unless it is agreed that the party entering the contract with the trustee shall look only to the trust's assets for payment or damages. The question whether such an agreement has been reached . . . is a classic question of the parties' intention. If the contract is unambiguous on the point, it will, absent fraud, govern." *First E. Bank, N.A.* v. *Jones*, 413 Mass. 654, 662 (1992) (citations omitted).

We see no reason to depart from these settled principles merely because this case involves a nominee trust[3] — even one where the trustees and the beneficiaries are the same persons. In the case of a contract creditor, as *Jones* emphasizes, the underlying issue is the intention of the parties. The principle of giving effect to an agreed-upon nonrecourse provision goes beyond trust arrangements and pertains regardless of the character of those arrangements; it is a principle that has general applicability in consensual commercial transactions. Thus drawers may

---

[3]The judge relied on *Federal Deposit Ins. Corp.* v. *Slinger*, 913 F.2d 7 (1st Cir. 1990). *Slinger*, however, did not present the issue of a nonrecourse provision assented to by the creditor because Slinger had failed to sign the agreement in a "valid representative capacity." See *id.* at 17 n.17.

disclaim liability "by drawing without recourse," G. L. c. 106, § 3-413 (2), and indorsers may alter their engagement by adding the words, "without recourse." G. L. c. 106, § 3-414 (1). Similarly, nonrecourse provisions are common in contracts to purchase real estate to provide against the possibility that the seller will be unable to convey title as agreed. See *McCarthy* v. *Mills*, 26 Mass. App. Ct. 223, 232 (1988). Nonrecourse clauses are used by public authorities to guard against unforeseeable liabilities. See *Ferragamo* v. *Massachusetts Bay Transp. Authy.*, 395 Mass. 581, 582 (1985). See also *Charlestown Sav. Bank* v. *Gorin*, 345 Mass. 771 (1963) (nonrecourse provision in trust instrument effective to preclude personal liability of trustee); *Morville House, Inc.* v. *Commissioner of Corps. & Taxn.*, 369 Mass. 928, 938 (1976) (mortgagors assumed no personal liability for payment of the debt to the mortgagees); *Barker-Chadsey Co.* v. *W.C. Fuller Co.*, 16 Mass. App. Ct. 1, 4-5 (1983) (creditors of dissolved corporation had agreed to look only to the corporation and not to its officers for payment).

We are not concerned, then, with the question whether the Star Associates Trust was a "true trust." The issue is the intention of the parties. As to that, the decisive fact for this appeal is the jury's finding that Sylvia knew or should have known *before* he signed the agreement of February 18 — the contract sued upon — that the Star Associates Trust included a nonrecourse provision for the benefit of the trustees and beneficiaries. Having signed the agreement of February 18 either with actual knowledge of the nonrecourse clause or notice of the existence and terms of the clause, Sylvia must be held to have assented to the nonrecourse clause, and he is now bound by its terms. *Chicopee Concrete Serv., Inc.,* v. *Hart Engr. Co.,* 398 Mass. 476, 478-479 (1986) (in building contract, contractor knew, "or at least had notice, of the owner-approval requirement and thus should be bound by the owner's disapproval"). Since the contract documents express the understanding of the parties, and since no claim of misrepresentation is made, Sylvia cannot complain when, in the end, he fared no worse than the position he agreed to be in at the outset. See *Barker-Chadsey Co.* v. *W. C. Fuller Co.*, 16 Mass. App. Ct. at 4.[4]

We turn to Sylvia's cross appeal from the allowance of So-

---

[4]Since we conclude that the trustees are not personally liable to Sylvia for breach of the agreement dated February 18, 1988, we need not reach the issue whether the trustees have available the defense of impossibility.

mario's motion for a directed verdict. Somario had made a mortgage loan to Star Associates Trust, and he accepted a deed in lieu of foreclosure from the trust. On the last day of the trial, after arguments by counsel, the judge allowed Somario's motion for a directed verdict on count I (breach of contract) and count II (fraudulent conveyance). The judge made his rulings directly from the bench. He said, "I see no basis upon which any rational jury could conclude that Somario is liable on a partnership theory. I also do not accept the plaintiff's contention that Somario is liable on a contract theory, having taken title to the premises with notice of the [agreement dated February 18, 1988, among the trustees, Johnson, and Sylvia] . . . . With respect to count II . . . I do not see any basis for submitting a fraudulent conveyance issue to the jury."

We have reviewed Sylvia's brief on this branch of the case, and find the arguments unpersuasive. For example, Sylvia's reliance on an *unsigned* agreement as "significant and probative" does not advance his position — a position he acknowledged to the judge he "was having difficulty proving . . . ." Nor is proof of a partnership or joint venture advanced by the argument that "[t]hese associates were so close to each other that they did not need a writing for their own agreements." While Sylvia cites such cases as *Cardullo* v. *Landau*, 329 Mass. 5 (1952), and *Fenton* v. *Bryan*, 33 Mass. App. Ct. 688 (1992), he makes no effort to bring the facts of this case within the structure of the decided cases. Utterly lacking is any showing that the relationship among Somario and the trustees "was of a fiduciary nature." See *Cardullo*, 329 Mass. at 9. The result is that Sylvia cannot prevail on this claim.

The judgment for Sylvia against McDuffee is vacated, and judgment shall be entered for the defendant McDuffee on counts I and II. Judgment for the defendant Somario on counts I and II is affirmed. Somario may have double costs of appeal.

*So ordered.*