Agnes, A.J.
INTRODUCTION
The plaintiff, Mark A. Shoemaker (“Shoemaker”) has brought claims against Lamie and Heather Kangaloo (“Lamie” and “Heather”), both in their individual capacities and as trustees to several real estate trusts alleging (1) default under the promissory note and mortgage and security agreements, (2) breach of contract, (3) conversion, (4) fraud, (5) misrepresentation, (6) unjust enrichment, (7) 93A violations, and (8) fraudulent conveyance. Heather has filed a Motion for Summary Judgment on all counts and a Motion to Vacate Real Estate Attachments. As the plaintiff has failed to establish that he has a reasonable expectation of proving any of his claims against Heather, her Motions for Summary Judgment and to Vacate Real Estate Attachments are allowed.
BACKGROUND
On or about August 14, 2000, Lamie purchased several properties in Fitchburg from the plaintiff, Shoemaker. [Affidavit of Heather Kangaloo, ¶6.) Shoemaker held the properties in various trusts. [Affidavit of Mark A. Shoemaker, ¶3.) The purchase of the properties was effectuated by the resignation of Shoemaker as trustee and the appointment of Lamie as successor trustee. [Affidavit of Mark A. Shoemaker, ¶3.] The beneficial interest of each of the trusts was transferred from Shoemaker’s wife to Lamie’s wife, Heather. [Affidavit of Mark A. Shoemaker, ¶3.] The sale of the properties was financed by a Promissory Note for $610,000, a Mortgage and Security Agreement, and the Conditional Assignment of Leases and Rents (“Loan Documents”). [Affidavit of Heather Kangaloo, 16.] Only Lamie and Shoemaker signed any of these Loan Documents.
At some time in 2001 a dispute arose between Lamie and Shoemaker over the repayment of the debt due under the Loan Documents. [Affidavit of Heather Kangaloo, ¶9.] Apparently, in order to assist her husband in reducing the debt owed to Shoemaker, Heather sold some property that she owned in Maine and purchased three properties from Lamie. [Affidavit of Heather Kangaloo, ¶10.] The properties located at 184-86 Prichard Street and 69-71 Academy Street which were held in the Franklin Really Trust, were purchased directly by Heather and the third property at 24 Prichard Street, held by the Prichard Realty Trust, was bought by Heather on behalf of her niece, with whom she had jointly owned the Maine property. [Affidavit of Heather Kangaloo, ¶13-14.] Heather paid Lamie $380,000 for these properties.[2] [Affidavit of Heather Kangaloo, ¶16-18.] With this money Lamie was able to reduce the principal owed on the Promissory Note, and have the mortgages on 184-86 Prichard Street, 69-71 Academy Street, 24 Prichard Street, and 16 Dudley Street discharged by Shoemaker. [Affidavit of Heather Kangaloo, 116, Plaintiffs Complaint, Exhibits OO, PP, QQ, RR.] Mortgages remained on all the properties still owned by Lamie, with the exception of the property at 16 Dudley, which the Kangaloos used as their residence. [Plaintiffs Complaint, Exhibits KK, LL, MM, NN.]
Lamie resigned as trustee on each of the trusts and Heather became the successor trustee on the Franklin Realty Trust, while her niece became trustee of the Prichard Realty Trust. [Affidavit of Heather Kangaloo, 121-23, Plaintiffs Complaint, Exhibits SS, TT.] Heather established another trust, the Martin Really Trust and she transferred the 184-86 Prichard Street and 69-71 Academy Street properties from the Franklin Realty Trust to the Martin Realty Trust. [Affidavit of Heather Kangaloo, 125.] Heather is the trustee of the Martin Realty Trust and her adult son owns the beneficial interest. [Affidavit of Heather Kangaloo, 124.] Heather and Lamie sold their home at 16 Dudley Street and moved to Florida. [Affidavit of Heather Kangaloo, 131.]
The Promissory Note is allegedly in default and the plaintiff petitioned the court, and was granted ex parte attachments on all of the properties owned by Lamie, Heather, and Heather’s niece. [Affidavit of Mark A. Shoemaker, 17.] Pursuant to the Loan Documents between Lamie and the plaintiff, the plaintiff has sold several of the properties owned by Lamie and applied the proceeds of those sales to the outstanding debt. [Affidavit of Heather Kangaloo, 132.]
DISCUSSION
1. Summary judgment is appropriate where there are no genuine issues of material fact and where the moving party is entitled to summary judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r *44 of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving parly bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A parly moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716(1991). All the evidence must be viewed in the light most favorable to the non-moving parly. Williams v. Hartman, 413 Mass. 398, 401 (1992).
2. The undisputed facts in this case establish that Heather did not sign the Promissory Agreement or any of the other Loan Documents related to the transfer of property from Shoemaker to Lamie. Therefore, in order to establish that Heather is liable under these Loan Documents, which she did not sign, the plaintiff must provide some other evidence establishing Heather’s liability for a debt that by all accounts appears to be a debt owed solely by Lamie. The plaintiff has attempted to establish liability by asserting that as Heather was the beneficial interest holder of the Franklin Realty Trust, a nominee trust, she was the true owner of the properties in the trust and could incur liability through that ownership.
Unlike a trustee for a regular trust, a trustee for a nominee trust can generally act only at the direction of the beneficiaries. Morrison v. Lennett, 415 Mass. 857, 860 (1993). The court has found that nominee trusts have characteristics of both agency and trust. Roberts v. Roberts, 419 Mass. 685, 688 (1995). The “agent-trustee” holds legal title for the benefit of and subject to the control of another. Id. However, the liability of a beneficiary of a nominee trust can be limited by express language in the trust agreement itself or in the language of a note or contract. FDIC v. Porter, 46 Mass.App.Ct. 124, 244 (1999). Such limitation of liability can be established through a nonrecourse clause in the trust document. Where there is a nonrecourse clause in the trust it does not matter whether it is a “true trust” or a nominee trust; it is the intent of the parties that matters. Sylvia v. Johnson, 44 Mass.App.Ct. 483, 487 (1998). When the plaintiff seeking to hold the beneficiary to a nominee trust liable has knowledge of a nonrecourse clause, the plaintiff is bound by its terms. Id. at 487.
It is undisputed that the Franklin Realty is a nominee trust. The language of the declaration of trust clearly states that the trustee’s powers are “always subject to the directions of the beneficiaries.” However, there is also clear nonrecourse language in the declaration of trust which states that “(no) beneficiary . . . shall be held to any personal liability whatsoever, in tort, contract or otherwise . . .” Knowledge of the existence of a nonrecourse clause and thereby intention to be bound by its terms is generally a question of fact for the jury. Id. at 485. However, in this case, no jury could reasonably conclude that Shoemaker did not have knowledge of the nonrecourse language. It is an undisputed fact that Shoemaker was the original trustee of the Franklin Realty Trust. Shoemaker filed the declaration of trust with Worcester North District Registry of Deeds. The clear language of the nonrecourse clause in the declaration of trust explicitly limits the liability of any beneficiary of the trust. These undisputed facts demonstrate that the plaintiff has no reasonable expectation of establishing that Heather, as a beneficiary, is liable for the debt of the Franklin Realty Trust. As Heather did not sign any of the Loan Documents, and is not liable as a beneficiary, her Motion for Summary Judgment on Count I, Default under Promissory Note, Mortgage and Security Agreement and Count II, Breach of Contract is allowed.
3. The additional counts alleged by the plaintiff are all related to the debt owed under the Loan Documents. The finding that Heather has no liability for the debt owed to Shoemaker coupled with several undisputed facts — that Heather paid $380,000 to purchase several properties from Lamie, Shoemaker agreed to discharge the mortgages on those properties and Shoemaker agreed to remove those properties from the list of properties which secured the amended promissory note — indicate that Shoemaker does not have a reasonable expectation of proving the essential elements of at least four of the remaining six counts against Heather. The claims for conversion, fraud, unjust enrichment, and fraudulent conveyance are all undermined by the fact that Shoemaker received $380,000 in exchange for discharging the mortgages on the properties located at 184-86 Prichard Street, 69-71 Academy Street, 24 Prichard Street and 16 Dudley Street. Once Shoemaker discharged the mortgages for value he cannot then turn around and base causes of action on anything Heather did with those properties once they were free of the mortgages.
As for the misrepresentation claim, regardless of any verbal assurances Heather may have given Shoemaker concerning the debt, she was not a party to the Loan Documents. A claim for misrepresentation requires the plaintiff to show a false statement of material fact, which was made to induce the plaintiff to act, and reliance by the plaintiff to his detriment. Zimmerman v. Kent, 31 Mass.App.Ct. 72 (1991). Any assurances Heather may have made to Shoemaker that she would help Lamie pay off the debt is immaterial to the obligations Lamie and Shoemaker had under the Loan Documents. Additionally, the plaintiff could not reasonably rely on any of these assurances. Therefore, the plaintiff has no reasonable expectation of success on his claim for misrepresentation against Heather. Moreover, as the plaintiff has no reasonable expectation of success on his claims for conversion, fraud, *45 misrepresentation, unjust enrichment, or fraudulent conveyance, and has presented no other evidence to indicate that Heather has committed any unfair or deceptive practices, his 93A claim cannot survive summary judgment.
4. To obtain a real estate attachment, the plaintiff must show a reasonable likelihood of success on the merits of the underlying case. Mass.R.Civ.P. 4.1. The granting of summary judgment on all counts against Heather Kangaloo establishes that the plaintiff has no likelihood of success on the merits. Accordingly Heather’s Motion to Vacate the Real Estate Attachments is allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant, Heather Kangaloo’s Motion for Summary Judgment on all counts is ALLOWED. The defendant, Heather Kangaloo’s Motion to Vacate Real Estate Attachment is also ALLOWED, for the property of the Martin Nominee Realty Trust and the Prichard Realty Trust.

 In oral argument the plaintiff alleged, for the first time, that the $380,000 was transferred directly from Heather to Shoemaker, not from Heather to Lamie to Shoemaker. This fact does not appear material to the issue of whether Heather is liable for the debts of Lamie. In any event, this court need not address this argument as the plaintiff admitted, in his statement of undisputed facts, that the payment went from Heather to Lamie to Shoemaker. [Plaintiffs Statement in Opposition to Defendant’s Statement of Undisputed Material Facts and Legal Elements ¶16.1