James ZOPPO, trustee of the Seventy–
Five Norwell Road Realty Trust, and
the Zoppo Family Trust, Plaintiff and
Appellant,

v.

Joseph P. ZOPPO, Defendant
and Appellee.

Civil Action No. 06–10201–JLT.

United States District Court,
D. Massachusetts.

Sept. 20, 2006.

Timothy M. Mauser, Mauser & Mauser,
William G. Rehrey Boston, MA, for Plain-
tiff and Appellant.

Isaac H. Peres, Law Office of Isaac H.
Peres, Boston, MA, Michael B. Feinman,
Law Offices of Michael B. Feinman, And-
over, MA, for Defendant and Appellee.

## MEMORANDUM

TAURO, District Judge.

### Background

Thomas F. and Frances Zoppo had four sons: Robert, James, Joseph, and Thomas A. On August 23, 1990, Mr. and Mrs. Zoppo named Joseph as trustee of the Zoppo Family Trust, a newly created entity for the benefit of Thomas A., who is disabled. On the same day, they also created the Realty Trust, a Massachusetts nominee trust, to hold title to their property at 75 Norwell Road, Dedham, Massachusetts. They named Joseph Zoppo trustee, with the limitation that he could take no action as trustee except as directed by the beneficiaries. They also provided in the Schedule of Beneficiaries that, upon the death of the survivor of Thomas F. and Frances, the *res* of the Real Estate Trust would go to the Family Trust.

In 1993, Thomas F. Zoppo died. In 1999, Joseph Zoppo obtained Frances Zoppo's uninformed consent to mortgage the property at 75 Norwell Road. Joseph used the proceeds, $190,000, to prop up his failing business and for personal purposes. The Bankruptcy Court has determined that this mortgage constituted a breach of fiduciary duty.

On July 25, 2001, Frances died, leaving her estate to a testamentary trust for the benefit of Thomas A. Zoppo. On March 22, 2002, the Probate Court named James Zoppo successor trustee of the Real Estate Trust and the Family Trust. Joseph Zoppo subsequently filed for bankruptcy.

John Hayes, the executor for Mrs. Zoppo's estate sued Joseph Zoppo in Bankruptcy Court to have the mortgage debt declared non-dischargeable as attributable to beach of fiduciary duty. James and Thomas A. also filed a similar suit. On July 12, 2004 the Bankruptcy Court decided the case of *Hayes v. Zoppo*[1] and found Joseph Zoppo liable to Frances R. Zoppo's estate in the amount of $386,092, including $190,000 for the mortgage. While an appeal was pending, the parties agreed to settle for $100,000. James Zoppo, acting as trustee of the Frances R. Zoppo's testamentary trust *and* the Family Trust, and Thomas A. Zoppo objected to the appeal, but then withdrew their objections.

### Discussion

After the settlement, James Zoppo continued his present suit against Joseph Zoppo, requesting the Bankruptcy court to rule that Joseph also has a non-dischargeable debt for breach of fiduciary duty to James in his capacity as trustee of the Real Estate Trust and the Family Trust. Joseph Zoppo argues 1) that James has no right to recover in either capacity, 2) that James is bound by the settlement in the *Hayes* case, and 3) that the Family Trust didn't even exist yet as it had no *res*. The Bankruptcy Court reached only the first of these matters.

Presently at issue in this suit is the status of debts for breach of fiduciary duty pursuant to 11 U.S.C. § 523(a)(4). The fiduciary duty involved here is defined by Massachusetts trust law.

The Bankruptcy court dismissed James's claim brought in his capacity as trustee of the Real Estate Trust, because it ruled that Joseph owed a fiduciary duty to the beneficiaries of the trust and not to the trust itself.[2] While this is true, a successor trustee has both the right and the duty to collect against a breaching

---

1. Adv. P. No. 02–1346 (Bankr.D.Mass. July 12, 2004).

2. *Zoppo v. Zoppo*, No 02–14836, 2005 WL 3738964, *8–9 (Bankr.D.Mass. Dec. 19, 2005).

previous trustee on behalf of the beneficiaries.[3] Frances Zoppo's estate has already collected on behalf of Frances Zoppo. By bringing a claim as trustee of the Real Estate trust, James Zoppo essentially reasserted the rights of the "beneficiary,"[4] the Family Trust. As he also brought suit as trustee of the Family Trust, these claims can be analyzed together.

The Bankruptcy Court suggested that the Joseph Zoppo did breach a duty to the beneficiaries of the Family Trust as the Family Trust had "an expectancy interest" in the *res* of the Real Estate Trust.[5] That court also held that, as James Zoppo did not show that the damages of the Family Trust would be the same as the damages against the probate estate, he had provided no basis for his claim on behalf of the beneficiaries Family Trust.[6] Based on this failure, the Bankruptcy Court concluded that James Zoppo failed to bring such a claim within the applicable time limitations period.[7] This argument is not compelling. As noted above, a trustee has the power to bring claims on behalf of beneficiaries. James Zoppo did assert the rights of the beneficiaries of the Family Trust by bringing suit in his capacity as trustee of both trusts. Although there may be a dispute about a right to recover damages, it cannot be said that James Zoppo has not asserted a claim on behalf of the beneficiaries of the Family Trust.

■ Nonetheless, the Bankruptcy Court is correct in ruling that the Family Trust's claim does not resemble that of Frances Zoppo's estate. The Bankruptcy Court held that Frances Zoppo was "the beneficial owner of the Realty Trust and had the power to terminate the Realty Trust at any time prior to her death...."[8] Appellant contends that the Family Trust had a vested remainder interest in the Real Estate Trust and is thus a beneficiary entitled to sue on the breach, just as Mrs. Zoppo's estate did. This argument might succeed if the Real Estate Trust was a normal trust. But, a nominee trust is not a normal trust, rather it is a unique instrument in Massachusetts law that is used to confidentially and conveniently hold title to property.[9]

■ The primary characteristic of a nominee trust is that the trustee has no power to act except at the direction of the beneficiary.[10] Because of this limitation, Nominee trusts are generally considered to be a type of agency relationship rather than a trust.[11] In other contexts, the

---

3. *Restatement (Second) of Trusts,* § 177 (1959).

4. Of course, as we shall see below, the Family Trust is not a beneficiary in the traditional sense of the word.

5. *Zoppo* at 2005 WL 3738964, *9.

6. *Id.* at 2005 WL 3738964, *9.

7. *Id.* at 2005 WL 3738964, *9.

8. *Id.*

9. *See* 1 Robert. L Marzelli and Elizabeth L. Marzelli, *Massachusetts Real Estate,* § 7.2 (2d. ed.2003).

10. *In re Grand Jury Subpoena,* 973 F.2d 45, 48 (1st Cir.1992) (setting forth the traits of a nominee trust, explaining that total beneficiary control is the primary difference between a nominee trust and a "true trust," and ruling that a nominee trust, while not exactly a trust, should still be termed a collective entity).

11. Marzelli, *supra* note 9. *See also, Rogaris v. Albert,* 431 Mass. 833, 730 N.E.2d 869, 872 (2000); *Morrison v. Lennett,* 415 Mass. 857, 616 N.E.2d 92, 94 (1993) (distinguishing a nominee trusts from a "true trust" for the purpose of beneficiary liability); *Zuroff v. First Wis. Trust Co.,* 41 Mass.App.Ct. 491, 671 N.E.2d 982, 983 (1996) ("The trustee of a nominee trust acts at the direction of the beneficiaries, functioning more as an agent than as a true trustee.").

Bankruptcy Courts have decided to ignore the nominee trust form entirely and view the beneficiary as the owner.[12] In fact, nominee trusts are rarely used to pass title upon death. In *Roberts*, however, the Massachusetts Supreme Judicial Court ruled that nominee trusts could be deemed trusts for the limited purpose of passing property outside of probate and without testamentary formality.[13] The SJC noted that nominee trusts were more often construed under agency principles, but justified its ruling in that case by noting that such a "gift-over" did not interfere with the purpose of a nominee trust.[14]

■ As noted above, nominee trusts are defined by total control of the present beneficiary, with the trustee simply an agent obligated to hold the property. It would thus be possible for the beneficiary/trustee to take any action regarding the property *res*. Because the beneficiary exercises total control, the duty of the trustee must run entirely to the present beneficiary, as it would when a principal exercises control over an agent. Finding that a fiduciary duty existed between the trustee and the beneficiary of the "gift-over" provision would change the character of the nominee trust away from one where the trustee simply held the property.

Even the language of the Real Estate Trust, standard for nominee trusts, belies an argument that the Family Trust had an enforceable interest in the Real Estate Trust. Rather than being referred to as a remainder-man or a future interest-holder, the trust effected the "gift-over" by providing for the Family Trust in the "Schedule of Beneficiaries." The Family Trust was simply scheduled to become the beneficiary upon Frances Zoppo's death. The breach of fiduciary duty happened while Frances Zoppo was the sole controlling beneficiary of the Real Estate Trust. The resultant claim, therefore, belonged entirely to Frances Zoppo's estate.

■ Appellant challenges this conclusion on two grounds. First, Appellant argues that Thomas F. and Frances Zoppo's actions in setting up the trusts evince a clear intent to benefit Thomas A. Zoppo. Appellant argues that to deny Appellant recovery would frustrate that intent. This is incorrect. Such a ruling does not conflict with *Roberts*, as nominee trusts may still be used to pass property. The ruling merely interprets existing Massachusetts law to conclude that the nominee trust's present beneficiary's right of total control means that it is only the present beneficiary who has the right to collect on any breach of fiduciary duty. Consistent with *Roberts*, the remaining *res* of the nominee trust will still pass to the Family Trust. Furthermore, Frances Zoppo's estate is still free to dispose of the recovery through probate. This result is consistent with the fact that Thomas F. and Frances Zoppo manifested an intent to maintain total control over 75 Norwell Road during their lifetime by choosing to use a nominee trust rather than a "true trust." This ruling respects that legally controlling formality without frustrating the settlors' intent to pass any remaining *res* of the trust to Thomas A. Zoppo

■ Second, the appellant argues that because the Family Trust paid the mortgage debt of 75 Norwell Road, it should be entitled to collect on the breach that led to

---

12. *In re Lyons*, 193 B.R. 637, 645 (Bankr. D.Mass.1996).

13. *Roberts v. Roberts*, 419 Mass. 685, 646 N.E.2d 1061, 1063 (1995).

14. *Id.*

this debt. The above explanation of nominee trusts demonstrates that this argument is not compelling. Frances Zoppo, as the party in total control of the nominee trust, had the authority to decide what action to take with respect to the trust, and what *res* remained in it. Successor beneficiaries only have a right to what is in the nominee trust at the time they take control and become principal beneficiaries. In this case, the Family Trust got exactly what it had a right to receive, the mortgaged property. This is precisely what the Bankruptcy Court meant when it said that there was no reason to believe that the damage to the expectancy interest of the Family Trust would be the same as the damage to Frances Zoppo, the beneficial owner.[15]

Appellant argues that by signing its name to the Real Estate Trust, it accepted liability on the trust and could be forced to pay out of pocket for expenses. It would be unfair, Appellant maintains to impose this liability without awarding a concomitant right to recover for a breach. Appellant is correct in that beneficiaries are often liable on debts of a nominee trust.[16] This liability, however, would fall on the current beneficiary, not a subsequent scheduled beneficiary. Even if the nominee trust itself were to have a negative net worth, the successor beneficiary should be free to withdraw from the Schedule of Beneficiaries. This construction of the rights and liabilities of a successor benefi-

ciary is much more consistent with the limited function of a nominee trust and does not interfere with the agency relationship between the controlling beneficiary and the trustee.

Like the Bankruptcy Court, this court finds that Joseph Zoppo's duties ran to Frances Zoppo and not to the Family Trust. Like the Bankruptcy court, this court deems it unnecessary to consider whether James Zoppo's involvement in the settlement of the case brought by Frances Zoppo's estate would estop him from collecting in this case.[17]

### Conclusion

For the above-mentioned reasons, the December 19, 2005 Order of the Bankruptcy Court is affirmed. An order will issue.

---

15. *Zoppo,* at 2005 WL 3738964, *9.

16. Marzelli, *supra* note 9, at § 7.4.

17. In the eventuality that a nominee trust were construed like a "true trust," it is likely that a state court construing basic principles of trust law would find that the prior settlement bars an action by the Family Trust. Where there are several beneficiaries to a trust they must recover from breach in a manner that they all agree to or in a manner

ordered by the court, after consideration of the nature of the trust and the parties interests. *Restatement (Second) of Trusts,* § 214 (1959). In other words, beneficiaries are not entitled to individual separate remedies against a breaching fiduciary. Rather, they must pursue a joint recovery. Considering James Zoppo's assent to the earlier statement and the identity of the beneficial parties in the two actions, separate recoveries would likely be deemed unwarranted.